**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TAM NGUYEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:05-CV-0140-JOF |
| FEDERATED DEPARTMENT | : | |
| STORES, INC., and FEDERATED | : | |
| SYSTEMS GROUP, INC., | : | |
| | : | |
| Defendants. | : | |

**OPINION AND ORDER**

This matter is before the court on Defendants' motion to compel arbitration and stay proceedings [6], the Magistrate Judge's Report and Recommendation [14], and on Plaintiff's motion to stay case [15].

On January 18, 2005, Plaintiff, Tam Nguyen, filed this action seeking relief pursuant to Title VII of the Civil Rights Act of 1964 against Defendants, Federated Department Stores, Inc., and Federated Systems Group, Inc.  On May 11, Defendants filed a motion to compel arbitration and stay proceedings.

In her report and recommendation, filed on July 17, 2005, Magistrate Judge Janet F. King recommends that Defendants' motion to compel arbitration and stay the proceedings be granted, noting that if the District Court adopts this recommendation, the case will be

administratively closed pending arbitration pursuant to the agreement of the parties and the provisions of the FAA.

The parties were informed that pursuant to 28 U.S.C. § 636(b)(1), either party could file written objections to the report and recommendation's findings within ten days. Neither party exercised this right.

However, on October 10, 2005, Plaintiff filed a motion to stay case until the conclusion of arbitration. Plaintiff is not challenging the ruling of the Magistrate Judge. Rather, Plaintiff is asking the court to stay the case rather than administratively close the proceeding pending arbitration. Plaintiff contends that if this case is dismissed, Plaintiff will have no recourse if the rules of the arbitration are not followed properly.

Having read and considered the Report and Recommendation of the Magistrate Judge and noting that no objections thereto have been filed by Plaintiff, the court ADOPTS the Report and Recommendation of the Magistrate Judge.[1]

With regard to Plaintiff's motion to stay rather than have the case administratively closed, the court finds this motion without merit. It is the procedure of the court to administratively close a case where, as here, all the claims are subject to arbitration. *Lomax v. Woodsman of World Life Ins. Society*, 228 F. Supp. 2d 1360, 1366, n. 7 (N.D. Ga. 2002) (Hunt, J.) ("administratively closing a case is a docket control device used by the court for

---

[1]The court also notes that the Magistrate Judge's findings are supported by the recent case of *Caley v. Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005).

AO 72A
(Rev.8/82)

statistical purposes and does not prejudice the rights of the parties to this litigation in any manner"). Therefore, the Court DENIES Plaintiff's motion to stay.

The court GRANTS Defendants' motion to compel arbitration and stay the proceedings [6]. The court DENIES Plaintiff's motion to stay proceedings until conclusion of arbitration [15]. The Clerk of the Court is directed to ADMINISTRATIVELY CLOSE the case pending arbitration.

**IT IS SO ORDERED** this 19th day of January 2006.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)